T.C. Summary Opinion 2004-134

UNITED STATES TAX COURT

CHRISTINA WENTLAND, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5241-01S.          Filed September 27, 2004.

Christina Wentland, pro se.

<u>Lisa K. Hunter</u>, for respondent.

HOLMES, <u>Judge</u>:

<u>Background</u>

This case was tried on March 16, 2004, in Omaha, Nebraska.[1]

Christina Wentland (now Christina Anderson), challenged the

---

[1] It was heard pursuant to the provisions of Internal Revenue Code section 7463. Section citations are all to that Code. The decision is not reviewable by any other court, nor should the opinion be cited as precedent in future proceedings.

Government's notice of deficiency. The notice of deficiency said she owed $1,924 in additional taxes for 1999 because she claimed a dependency exemption for her daughter Stephanie to which she was not entitled. The Government also said that Ms. Anderson owed even more than $1,924 because she should have filed under the category "married filing separately" rather than as "head of household" or "single."

Ms. Anderson was the only witness at the trial, and the Court found her to be sincere and truthful in testifying about the facts in this case. Using her testimony and the documents that she had as evidence, the Court finds that:

She married Steven Wentland in Council Bluffs, Iowa, on December 28, 1985. They have two children, Stephanie and Steven. Ms. Anderson and Mr. Wentland were still married all through 1999, though they had separated in July 1998. Both filed for divorce earlier that year. The couple did not negotiate a written separation agreement. Mr. Wentland was awarded temporary custody of the children, which continued throughout 1999. During 1999, Ms. Anderson lived at a number of different addresses, including Eagle, Nebraska, where she had her own place; with friends in Lincoln; and in her own place, again, in another house in Lincoln. During the latter half of 1999, she tried to reconcile with her husband and moved to a trailer on the property of her mother-in-law's house. During 1999, Ms. Anderson paid all

the child support she owed as directed by the Nebraska District Court's temporary custody order.

The couple's divorce only became final in 2000. According to the divorce decree, Ms. Anderson could claim Stephanie as a dependent for tax purposes. Mr. Wentland could claim Steven, provided he was current on all child support payments. Relying on the terms of the divorce decree and her attorney's advice, Ms. Anderson claimed Stephanie as a dependent on her 1999 tax return.

## Discussion

The sections of the Tax Code that apply to separated and divorced couples are complicated. Usually the Government would follow a divorce decree like Ms. Anderson's and let the couple decide between themselves who gets which child's deductions. But that's true only if (1) the parents are divorced, (2) legally separated under a decree of divorce or separate maintenance, (3) separated under a written separation agreement, or (4) live apart at all times during the last 6 months of the calendar year.

Ms. Anderson and Mr. Wentland did not meet any of these requirements in 1999--they weren't divorced yet, they weren't legally separated under a decree of divorce or separate maintenance, they had no written separation agreement, and (because they tried to reconcile off and on in 1999) they were not living apart at all times during the last six months of 1999.

What they did have was a divorce case that wasn't finished yet, plus an order from a State court awarding temporary custody of both children to Mr. Wentland.  Ms. Anderson's problem, then, is that the advice she got was wrong, because her divorce was not final until August 2000.  This means that the divorce decree didn't apply to her 1999 taxes.

In this kind of situation, the Tax Code says that a taxpayer like Ms. Anderson must prove she gave more than half of the support for her daughter before she can claim her as a dependent.  See sec. 152(a).  This is very hard to do--first Ms. Anderson would have to prove the total amount of support Stephanie received during the year, including any food, clothing, and shelter that Stephanie got from her grandmother as well as Mr. Wentland.  At trial, Ms. Anderson truthfully said that in 1999 her daughter was mostly living with Mr. Wentland's mother.  Even though Ms. Anderson paid the child support the state court told her to, and paid for extras too, we find that she did not show that she paid for more than half of all her daughter's expenses in 1999.  Therefore, Ms. Anderson could not claim her daughter as a dependent on her 1999 tax return.

The Government also claims that Ms. Anderson should have filed as "married filing separately" instead of "single" or "head of household."  While it may be true that Ms. Anderson should have filed as "married filing separately" because her divorce was

not final until 2000, the Government raised the issue only right before trial.  The Government's lawyer quite properly decided to withdraw the government's motion, so the deficiency will stay at $1,924 and not increase any more.

The Court notes that, with the passage of time, the $1,924 deficiency will be increased by several years' worth of interest, and urges the government to explain to Ms. Anderson the possibility of paying on an installment plan or, if her current financial situation makes it appropriate, discussing with her the possibility of compromising the total amount owed.

<u>A decision will be entered for respondent</u>.